UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| REBECCA R. COOKS, | ) | CIV. 12-4177-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| CAROLYN W. COLVIN, | ) | ATTORNEY'S FEES |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Rebecca R. Cooks, moved for reversal of the Commissioner of Social Security's decision denying her application for Social Security Disability Insurance (SSDI) benefits. On October 22, 2013, the court reversed and remanded the Commissioner's decision denying benefits. Cooks now seeks an award of $7,409.31 in attorney's fees, $444.56 in sales tax, and $17.25 in costs pursuant to the Equal Access to Justice Act. The Commissioner objects to the motion. The court grants Cooks's motion for attorney's fees.

**DISCUSSION**

**I.   Substantially Justified**

Under the Equal Access to Justice Act, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this context, "substantially justified" means

"justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The government bears the burden of proving that the denial of benefits was substantially justified. *Id.* (citing *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)).

"[T]he most powerful indicator of the reasonableness of the government's position is the rationale of the court's majority opinion in the first appeal." *Lauer*, 321 F.3d at 765. This court's October 22, 2013, opinion identified in detail why the ALJ's decision to deny benefits was unfounded in law and fact. Docket 19. Even though Cooks had a long history of mental illness, including being diagnosed with depression, anxiety, panic attacks, bipolar disorder, posttraumatic stress disorder, intermittent explosive disorder, and mood disorder, the ALJ failed to include Cook's mental limitations in developing her RFC. This error at Step Two permeated the remainder of the opinion. In light of the foregoing, neither the ALJ's nor the Commissioner's position in this case was well founded in law and fact. *See Lauer*, 321 F.3d at 764. Accordingly, the government's position was not substantially justified, and Cooks is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

## II. Number of Hours Expended

The Commissioner does not object to the amount of the fee request, but does request that it be paid to Cooks and not her counsel. The court has reviewed the billing records and finds that 40.1 hours is reasonable at a rate of $184 per hour, for a total amount of $7,378.40[1] for attorney fees. The court also finds that $442.70 for sales tax and $17.25 for expenses are reasonable. Thus, the court finds that Cooks is entitled to a total attorney fee award of $7,378.40, sales tax of $442.70, and costs of $17.25.

The Commissioner also objects to payment of the fees and expenses directly to Cooks's attorney in light of *Astrue v. Ratliff*, 560 U.S. 586 (2010). In *Ratliff*, the United States Supreme Court found that EAJA fees are payable to the litigant and subject to government offset to satisfy a pre-existing debt the litigant owes to the United States. *Ratliff*, however, did not address the issue of assignments of EAJA fees.

In her fee agreement, Cooks signed a valid assignment assigning her right to any EAJA award to her counsel. Post-*Ratliff* the approach taken by most courts has been to honor such fee assignments in the absence of the litigant's pre-existing debt to the United States. *See, e.g., Walker v. Astrue,* 2011 WL 1297744 (M.D. Ala. Apr. 5, 2011) (*Ratliff* does not explicitly reject the

---

[1]Cooks's calculations contain a mathematical error, which explains the court's award of slightly less for attorney fees than the amount requested by Cooks.

3

practice of awarding fees to attorneys where litigant has assigned them in cases where the plaintiff does not owe a debt to the government. . . ."); *Gors v. Colvin,* 2013 WL 960230 (D.S.D. Mar. 12, 2013) (same); and *Dornbusch v. Astrue,* 2011 WL 779781 (D. Minn. Mar. 1, 2011) (same).

The Commissioner next asserts that the Anti-Assignment Act, which generally precludes assignment of claims against the United States, applies to EAJA fees. This issue was addressed in detail by the district court in Minnesota in *McGrath v. Astrue,* 2012 WL 4898276 (D. Minn. Oct. 1, 2012). This court agrees with the reasoning in *McGrath* and its conclusion that "[t]o read the AAA as prohibiting these fee agreements, as the Commissioner argues, is nonsensical when read alongside the law's stated intent." *Id.* at *7. While *Ratliff* required EAJA awards to be paid to the prevailing party, a prevailing party has the right to contract with her attorney regarding payment for representation.

The court acknowledges that fees recovered pursuant to EAJA are subject to federal administrative offset if the prevailing party has outstanding debts to the federal government pursuant to *Ratliff*. To allow the federal administrative offset inquiry to occur, the court grants the Commissioner 30 days to determine whether any portion of Cooks's EAJA fee award is subject to offset, after which the balance will be remitted to her counsel, per Cooks's own wishes.

4

## CONCLUSION

Accordingly, it is

ORDERED that Cooks's motion for attorney's fees, expenses, and costs (Docket 21) is granted. Cooks is awarded $7,378.40 in attorney fees and $442.70 representing 6 percent state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act.

IT IS FURTHER ORDERED that Cooks is awarded costs of $17.25. These costs will be paid from the United States Department of Justice Judgment Fund.

IT IS FURTHER ORDERED that after 30 days the administration will issue the check to plaintiff's counsel, less any amount subject to offset under the Treasury Offset Program, because that will permit electronic deposit of funds.

Dated December 19, 2013.

       BY THE COURT:

       */s/ Karen E. Schreier*
       KAREN E. SCHREIER
       UNITED STATES DISTRICT JUDGE